IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HARTFORD UNDERWRITERS INSURANCE COMPANY, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil No. 1:17-cv-1254-LO-MSN ) |
| DAVIS PAIGE MANAGEMENT SYSTEMS LLC, | ) ) ) ) |
| Defendant. | ) ) |

**REPORT & RECOMMENDATION**

This matter comes before the Court on Plaintiffs' Motion for Default Judgment (Dkt. No. 8). Having reviewed the record and pleadings, the undersigned Magistrate Judge recommends entering default judgment in the Plaintiffs' favor for the reasons that follow.

**I.   Background**

On November 3, 2017, Plaintiffs Hartford Underwriters Insurance Company, Trumbull Insurance Company, Sentinel Insurance Company, Ltd., Hartford Casualty Insurance Company, and Twin City Fire Insurance Company[1] filed a Complaint to recover damages from Defendant Davis Paige Management Systems LLC's failure to pay premiums on two insurance policies. *See* Compl. ¶¶ 1, 8–9, 14, 21 (Dkt. No. 1). Plaintiffs allege that at Defendant's request, they issued a Workers Compensation and Employers Liability Insurance Policy for the following periods: June 20, 2014 to June 20, 2015, June 20, 2015 to June 20, 2016, and June 20, 2016 to June 20, 2017, and a Commercial Package Insurance Policy for the following periods: June 20, 2015 to June 20, 2016

---

[1] Plaintiffs are all member companies of The Hartford Financial Insurance Group.  *See* Compl. ¶ 4 (Dkt. No. 1).

and June 20, 2016 to June 20, 2017. *Id.* ¶ 8. Plaintiffs cancelled both policies on December 24, 2016. *Id.*

Pursuant to these policies, Defendant contracted to pay premiums to Plaintiffs, some of which were defined and others of which were dependent on the results of an audit, the number of employees, and the employees' responsibilities and work classifications. *Id.* ¶ 9. Upon the conclusion of each policy period, Plaintiffs conducted an audit of Defendant's records, resulting in Defendant owing additional premiums in the amount of $150,190.44, reflected in a bill dated February 27, 2017, sent to Defendant. *Id.* ¶ 11; *see* Final Insurance Bill (Dkt. No. 1-1). Defendant did not object to or dispute this balance on the insurance policies but failed to pay the amount past due despite Plaintiffs' repeated requests. Compl. ¶¶ 13–14, 18–21. Plaintiffs now seek recovery of $150,190.44, exclusive of pre- and post-judgment interest, attorneys' fees, and costs, from Defendant. *Id.* ¶¶ 14, 21.

## II.     Procedural History

On November 9, 2017, Plaintiffs' process server personally served Defendant through its registered agent, Michael E. P. Davis, pursuant to Federal Rule of Civil Procedure 4(c), (e), and (h). (Dkt. No. 4). *See* Business Entity Details for Davis-Paige Management Systems LLC, Virginia State Corporation Commission, https://sccefile.scc.virginia.gov/Business/T020821 (listing Mr. Davis as Defendant's registered agent).[2] Defendant did not file a response within 21 days of receipt (*i.e.* November 30, 2017) (Dkt. Nos. 4–8). On January 12, 2018, the Clerk entered a default against Defendant (Dkt. No. 7). Two weeks later, Plaintiffs filed this Motion for Default Judgment (Dkt. No. 8).

---

[2] While the Virginia State Corporation Commission spells Defendant's registered agent's first name "Micheal," the remainder of the name and the address are the same as provided in the process server's Affidavit of Service. *Compare* Business Entity Details for Davis-Paige Management Systems LLC, Virginia State Corporation Commission, https://sccefile.scc.virginia.gov/Business/T020821 *with* Summons Returned Executed at 2 (Dkt. No. 4). It appears that there may be a typographical error on the State Corporation Commission's website.

### III. Service of Process, Jurisdiction, and Venue

The docket reflects that Defendant has been properly served pursuant to Federal Rule 4(h)(1)(B). *See* Summons Return Executed (Dkt. No. 4); Burns Aff. ¶¶ 3–4 (Dkt. No. 6); Pls.' Mot. for Default J. ¶¶ 9–10 (Dkt. No. 8). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as Plaintiffs are seeking damages in excess of $75,000, exclusive of interest and costs, and the Parties are citizens of different states. Compl. ¶ 6; Pls.' Mot. for Default J. ¶ 7. Plaintiffs are citizens of Connecticut and Indiana, and Defendant is a citizen of Virginia.[3] Compl. ¶¶ 2–5.

This Court also has personal jurisdiction over Defendant. Virginia's long-arm statute authorizes the exercise of personal jurisdiction over Defendant if it satisfies the minimum contacts test under the Due Process Clause of the Fourteenth Amendment. *See CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009). As stated in the Complaint, Defendant is a Virginia corporation with its principal place of business in Virginia. *See* Compl. ¶ 5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim against Defendants occurred within the Eastern District of Virginia. *See id.* ¶ 7.

### IV. Legal Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Partington v. Am. Int'l Specialty Lines Ins.*

---

[3] Plaintiffs Hartford Underwriters Insurance Company, Trumbull Insurance Company, and Sentinel Insurance Company, Ltd. are incorporated and have their principal place of business in Connecticut. Compl. ¶ 2. Plaintiffs Twin City Fire Insurance Company and Hartford Casualty Insurance Company are incorporated in Indiana and have their principal place of business in Connecticut. *Id.* ¶ 3. Defendant is both incorporated and has its principal place of business in Virginia. *Id.* ¶ 5.

*Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, No. 2:15-cv-451, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because Defendant has not answered or otherwise timely responded, the well-pled allegations of fact contained in the Complaint are deemed to be admitted.

**V.     Analysis**

Having examined the record, the undersigned Magistrate Judge finds that the well-pled allegations of fact contained in the Complaint, and supported by Plaintiffs' Motion for Default Judgment, establish that Defendant breached its agreement to pay premiums on two insurance policies. Plaintiffs are therefore entitled to default judgment in their favor as detailed below.

    **A.     Unpaid Principal**

Plaintiffs allege that Defendant breached the terms and conditions of the insurance policies by failing to pay premiums adjusted after an audit of "Defendant's actual payroll, number of employees, and their respective work duties and classifications." Pls.' Mot. for Default J. at 1. Under Virginia law, "[t]he elements of breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *E.g.*, *Filak v. George*, 267 Va. 612, 619 (2004).

First, because Defendant "agreed to pay certain premiums" to Plaintiffs as compensation for the issuance of insurance policies, it owed a legal duty to Plaintiffs to pay the amounts due after

each policy period. Compl. ¶ 9; Pls.' Mot. for Default J. ¶¶ 1–3. Plaintiffs have therefore shown the first element of a claim for breach of contract under Virginia law—Defendant's contract with Plaintiffs. *See id.* Second, accepting as true the allegations in Plaintiffs' Complaint, *see Ryan*, 253 F.3d at 780, Defendant received a Final Insurance Bill at the end of the policy periods and refused to pay the amounts owed, demonstrating the second element of a claim for breach of contract—Defendant's violation of the contract. Compl. ¶¶ 12–13, 17–19. Third, as a result of Defendant's breach, Plaintiff has suffered damages in the amount of the premiums—$150,190.44. *Id.* ¶¶ 14, 20–21.

### B. Attorneys' Fees, Costs, and Interest

Federal Rule of Civil Procedure 54(c) narrows the relief a plaintiff may be granted on a default judgment to the monetary amount demanded in the pleadings. "In considering the scope of Rule 54(c), the U.S. Court of Appeals for the Fourth Circuit has held that in default cases, there can be no recovery over the amount pled in the complaint, and that the complaint must pray for a specific monetary amount." *Sheet Metal Workers' Nat'l Pension Fund v. Frank Torrone & Sons, Inc.*, No. 1:04-cv-1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *Glaser v. Hagen*, No. 114-cv-1726-LMB-IDD, 2016 WL 521454, at *1 n.1 (E.D. Va. Feb. 5, 2016) (denying plaintiff's request for "interest paid on a home equity loan" for failure to plead a specific monetary amount).

While Plaintiffs' Complaint requests attorneys' fees, costs, and pre-judgment interest, it does not provide amounts for any of these in the pleadings. *See* Compl. ¶¶ 14, 21. Because Plaintiffs do not specify a monetary amount for these categories or provide a copy of the policies allowing the Court to assess any interest, the undersigned recommends denying attorneys' fees, costs, and pre-judgment interest.

Pursuant to 28 U.S.C. § 1961, however, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . ." 28 U.S.C. § 1961(a). "Such interest shall be

calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment[,]" computed daily and compounded annually.  *Id.* § 1961(a)–(b).  Consequently, while the undersigned does not recommend the award of pre-judgment interest, Plaintiffs are permitted post-judgment interest.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends GRANTING Plaintiffs' Motion for damages in the amount of $150,190.44 plus post-judgment interest at the rate prescribed by 28 U.S.C. § 1961.

## VII. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to Defendants at their address for service of process, the parties are notified as follows.  Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation.  Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

March 6, 2018
Alexandria, Virginia